FILED

2022 Jan-31 PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Fantascia Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Sequium Asset Solutions, LLC, a | ) | |
| Georgia limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Fantascia Johnson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.    Plaintiff, Fantascia Johnson ("Johnson"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Comcast.

4.    Defendant, Sequium Asset Solutions, LLC ("Sequium"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

1

to collect, defaulted consumer debts that it did not originate. Sequium operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant Sequium was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5.      Defendant Sequium is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant Sequium conducts business in Alabama.

## FACTUAL ALLEGATIONS

6.      Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed to Comcast. Defendant Sequium attempted to collect this debt from her via negative credit reporting. Unsure about Defendant Sequium, and unsure about the debt, Ms. Johnson consulted with counsel about her debt issues and the debt that Sequium was trying to collect.

7.      Accordingly, Ms. Johnson's attorney wrote to Defendant Sequium, via letters dated November 22, 2021, and November 24, 2021, to notify it that Ms. Johnson was represented by counsel, and that she disputed the debt that Sequium was trying to collect. Copies of these letters are attached as Group Exhibit B.

8.      These letters were sent via First Class, U.S. Mail to Defendant's address and were not returned by the Post Office as undeliverable.

9.      On January 21, 2022, Ms. Johnson obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant Sequium had

2

continued to report the Comcast debt she allegedly owed, but had failed to note that the debt was disputed. The pertinent parts of Ms. Johnson's TransUnion and Experian credit reports are attached as Group Exhibit C.

10.     As a result of Defendant's failure to note that the debt was disputed, when it continued to report the debt to TransUnion and Experian, Ms. Johnson was forced to take an action to her detriment, by taking the time and expense of having her attorney send Defendant yet another letter, reminding Defendant that she had disputed the debt that it was reporting. A copy of this letter is attached as Exhibit D.

11.     Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports harmed her credit reputation and impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Johnson, negatively impacted her credit score, caused her to act to her detriment, and cost her out-of-pocket expenses.

12.     Furthermore, § 1692e(8) of the FDCPA's command that a debt collector must communicate that a disputed debt is disputed is rooted in the basic common law fraud principle that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

3

13.     All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

17.     Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

18.     Defendant's violations of § 1692e(8) of the FDCPA render it liable for

4

actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21.     Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

22.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Fantascia Johnson, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Johnson, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Fantascia Johnson, demands trial by jury.

Fantascia Johnson,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

By: /s/ Ronald C. Sykstus_____
One of Plaintiff's Attorneys

Dated: January 31, 2022

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
    & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com